**20-603**
*Wilson v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

——————————

August Term 2020

(Argued: April 5, 2021 | Decided: July 28, 2021)

Docket No. 20-603

EMILY S. WILSON, AS EXECUTRIX OF THE ESTATE OF JOSEPH A. WILSON,
THE ESTATE OF JOSEPH A. WILSON,

*Plaintiffs-Appellees,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellant.*

——————————

Before:
LIVINGSTON, *Chief Judge*, WESLEY, CARNEY, *Circuit Judges*.

Joseph Wilson was the sole owner and beneficiary of a foreign trust. Under the Internal Revenue Code ("IRC"), 26 U.S.C. § 6048(b), (c), U.S. owners and beneficiaries of foreign trusts are required to file annual returns. Because Wilson filed his returns for tax year 2007 late, the Internal Revenue Service ("IRS") assessed a 35% penalty that applies to *beneficiaries* of foreign trusts; Wilson paid the penalty. Following Wilson's death, Plaintiffs-Appellees sued on behalf of Wilson's estate for a refund, arguing the IRS should have imposed only a 5% penalty that applies to *owners* of foreign trusts. The district court granted partial summary judgment in their favor, concluding that because Wilson was the owner of the trust, under the IRC the government could impose only a 5% owner's

penalty on Wilson.  We disagree and hold that the 35% penalty applies including when the beneficiary is the owner of the trust.  Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

————————————

ROBERT M. ADLER, Nossaman LLP, Washington, D.C. (Gary Redish, Michael Cohen, Winne Banta, Basralian & Kahn, P.C., Hackensack, NJ, *on the brief*), *for Plaintiffs-Appellees*.

ELISSA HART-MAHAN, Attorney, Department of Justice, Tax Division (Ellen Page DelSole, Attorney, Department of Justice, Tax Division, Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Joshua Wu, Deputy Assistant Attorney General, Richard P. Donoghue, United States Attorney, *on the brief*), *for* Merrick B. Garland, United States Attorney General, Washington, D.C., *for Defendant-Appellant*.

————————————

WESLEY, *Circuit Judge*:

Joseph Wilson was the sole owner and beneficiary of an overseas trust. Section 6048 of the Internal Revenue Code ("IRC") requires U.S. owners of a foreign trust to ensure that the trust files an annual return, *see* 26 U.S.C. § 6048(b), and U.S. beneficiaries of a foreign trust to file a return reporting the distributions they received, *see id.* § 6048(c).  Section 6677 of the IRC imposes different penalties for the late filing of two types of returns: a 35% penalty for beneficiaries who fail to timely report their distributions, *see id.* § 6677(a); and a 5% penalty for owners who fail to ensure that their trust timely files an annual return, *see id.* § 6677(b).

2

Wilson filed both returns for tax year 2007 late. The Internal Revenue Service ("IRS") assessed a 35% penalty against Wilson for failing to timely disclose the distribution he received from his trust. Wilson paid and then filed for a refund, arguing he should have been charged only a 5% penalty that applies to trust owners. He died before his claim was resolved.

Emily S. Wilson, executrix of Wilson's estate, and Wilson's estate ("Plaintiffs") brought this action contending the government should have imposed only a 5% penalty because Wilson was responsible for reporting all the required information, including the distributions he received, as the trust owner. The United States District Court for the Eastern District of New York (Cogan, *J.*) agreed, finding that under the IRC, Wilson should have been penalized only as the trust owner. We vacate the court's judgment and hold that when an individual is both the sole owner and beneficiary of a foreign trust and fails to timely report distributions she received from the trust, the government has the authority under the IRC to impose a 35% penalty.

## BACKGROUND

Wilson established a foreign trust in 2003 with a value of approximately $9 million.[1] In 2007, Wilson liquidated the trust and distributed all its assets, approximately $9.2 million,[2] to himself.

Section 6048 of the IRC imposes disclosure requirements related to foreign trusts. Subsection (c) instructs "any United States person [who] receives . . . during any taxable year . . . any distribution from a foreign trust" to "make a return with respect to such trust for such year" that includes, *inter alia*, "the aggregate amount of the distributions so received from such trust." 26 U.S.C. § 6048(c). In other words, § 6048(c) requires *beneficiaries* of a foreign trust—such as Wilson—to disclose distributions they received from the trust in an annual filing. Subsection (b) orders U.S. *owners* "of any portion of a foreign trust" to "ensure that . . . such trust makes a return for such [taxable] year which sets forth a full and complete accounting of all trust activities and operations for the year" and "other information as the Secretary [of the Treasury] may prescribe." *Id.* § 6048(b).

---

[1] As Plaintiffs alleged in their complaint, Wilson's intention was to hide his assets from his then-wife because he believed she was preparing to divorce him; she did. Wilson's motivation for establishing the trust is irrelevant to the resolution of this appeal.

[2] The trust earned interest at up to 5% per year.

4

To satisfy these two separate reporting requirements, Wilson and the trust needed to file Forms 3520-A and 3520. Form 3520-A, the "Annual Information Return of Foreign Trust With a U.S. Owner," provides that "[a] foreign trust with a U.S. owner must file Form 3520-A in order for the U.S. owner to satisfy its annual information reporting requirements under [§] 6048(b)." J.A. 128. It contains a section to report distributions from the trust. Form 3520, the "Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts," directs owners of "any part of the assets of a foreign trust" to provide the information in Part II and beneficiaries of a foreign trust to disclose distributions they received in Part III. *Id.* at 109. If the owner of a foreign trust received a distribution and completes Part II of Form 3520, and the trust has filed Form 3520-A, the instructions for Form 3520 state "do not separately disclose distributions again in Part III." *Id.* at 114.

Wilson failed to file Form 3520 and failed to ensure that his trust file Form 3520-A by their respective deadlines for tax year 2007.[3] As a result, he did not

---

[3] Wilson also failed to file information returns for tax years 2005 and 2006. The IRS assessed penalties for these years, but "[a]ll penalties, with the exception of the penalties for . . . 2007 . . . were settled in IRS appeals. The settled penalties were promptly paid in full, together with statutory interest." J.A. 8.

timely disclose the $9.2 million distribution he received or report other information about his trust. The IRS assessed a late penalty of $3,221,183, 35% of the $9.2 million distribution. This penalty derives from § 6677(a) of the IRC, which provides "if any notice or return required to be filed by [§] 6048" is not filed on time or is incomplete, "the person required to file such notice or return shall pay a penalty equal to . . . 35 percent of the gross reportable amount." 26 U.S.C. § 6677(a).

Wilson initially paid the penalty, but less than two months later submitted a claim to the IRS seeking a full refund. He argued that because he was both the sole beneficiary and the sole owner of the trust, only a 5% penalty applies for his failure to timely report the distribution to himself. The 5% penalty stems from § 6677(b) of the IRC, which states "[i]n the case of a return required under [§] 6048(b)," the reporting requirement for trust owners, a 5% penalty will substitute the 35% penalty. *Id.* § 6677(b)(2).

While Wilson's claim for a refund was pending, he passed away. Plaintiffs brought this action against the government to recover the money for Wilson's estate, pursuing Wilson's 5% penalty argument and alleging in the alternative that

there was "reasonable cause" that excused Wilson's untimely filing.[4] The government moved to dismiss only the 5% penalty claim, arguing that Plaintiffs did not exhaust their refund claim in the administrative process, which the district court denied.[5] Plaintiffs moved for partial summary judgment on their 5% penalty argument, which the district court granted, concluding that "[t]he IRS can . . . assess *only* the 5% penalty under . . . § 6677 – not *both* or *either* the 5% and/or 35% penalty – for Wilson's untimely filing of his 2007 Form 3520." *Wilson v. United States*, No. 19-CV-5037 (BMC), 2019 WL 6118013, at *8 (E.D.N.Y. Nov. 18, 2019). The government appeals, arguing that the district court erred in its construction of the IRC.

## DISCUSSION

"We review a grant of summary judgment *de novo*; specifically, where the disposition presents only a legal issue of statutory interpretation, as here, we review *de novo* whether the district court correctly interpreted the statute." *Power Auth. v. M/V Ellen S. Bouchard*, 968 F.3d 165, 170 (2d Cir. 2020) (internal quotation

---

[4] Section 6677 contains a "reasonable cause" exception, providing that "[n]o penalty shall be imposed . . . on any failure which is shown to be due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6677(d).

[5] "The [g]overnment does not appeal the [d]istrict [c]ourt's denial of [its] partial motion to dismiss." Appellant's Br. at 15 n.8.

marks and citation omitted).  In interpreting any statute, we start with the plain

meaning of the text, and absent any ambiguity, we end there too.  *See, e.g.*, *United*

*States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004).

**I. The Plain Meaning of Sections 6048 and 6677 of the IRC**

The plain language of the IRC's disclosure and penalty provisions, §§ 6048

and 6677, unambiguously demonstrates that when an owner of a foreign trust fails

to timely disclose a distribution she received as a beneficiary of that trust, she

violates § 6048(c) and thereby triggers the 35% penalty under § 6677(a).  Section

6048(c) states in relevant part:

> If any United States person receives (directly or indirectly) during
> any taxable year of such person any distribution from a foreign
> trust, such person shall make a return with respect to such trust for
> such year which includes . . . (B) the aggregate amount of the
> distributions so received from such trust during such taxable year.

26 U.S.C. § 6048(c)(1).  Normally understood, "any United States person," *id.*,

includes everyone, U.S. owners and beneficiaries of foreign trusts alike.  The

statute makes no exception for a beneficiary who is also the owner of a foreign

8

trust. Wilson was therefore required under § 6048(c) to timely report the distribution he received from his trust.[6]

Under § 6677(a), "if any notice or return required to be filed by [§] 6048 . . . is not filed on . . . time . . . the person required to file such notice or return shall pay a penalty equal to . . . 35 percent of the gross reportable amount." *Id.* § 6677(a). "[I]n the case of a failure relating to [§] 6048(c)," the "gross reportable amount" is "the gross amount of the distributions." *Id.* § 6677(c). Because Wilson failed to timely report under § 6048(c), the IRS assessed—in accordance with § 6677(a) and (c)—a penalty of 35% of Wilson's $9.2 million distribution.

Nothing in other parts of §§ 6048 and 6677 diminishes or eliminates the applicability of the 35% penalty to Wilson as a beneficiary of the trust. However, the district court relied on § 6677(b) to conclude that the 35% penalty cannot apply. *See Wilson*, 2019 WL 6118013, at *6. Section 6677(b) "substitut[es] '5 percent' for '35 percent' [of the gross reportable amount]" as the applicable penalty for the failure to timely file "a return required under [§] 6048(b)," which is the reporting requirement for owners of foreign trusts. 26 U.S.C. § 6677(b). According to the

---

[6] The timely filing requirement is found in § 6048(d), which directs that "[a]ny notice or return required under [§ 6048] shall be made at such time and in such manner as the Secretary [of the Treasury] shall prescribe." 26 U.S.C. § 6048(d)(3).

9

court, because Wilson violated § 6048(b) by failing to timely file as an owner, § 6677(b)'s "mandate[] that the 5% replace the 35%" applies. *Wilson*, 2019 WL 6118013, at *6 (emphasis omitted).

The problem with the district court's analysis is that § 6677(b) leaves untouched the 35% penalty that applies to *all other* reporting requirements under § 6048, including to a return disclosing distributions required by § 6048(c). The district court and Plaintiffs do not identify any text in the statute that elides the requirement to disclose distributions received as a beneficiary under § 6048(c) when the beneficiary is also the owner of a foreign trust. Nor is there any textual support for the court and Plaintiffs' view that when the owner and beneficiary are one, a failure to timely report the distribution received violates *only* § 6048(b) and *not* § 6048(c). Even if the information the owner must report under § 6048(b) covers the trust's distributions, nothing in the statute indicates that as a result, § 6048(b) displaces or merges with the separate requirement to report distributions under § 6048(c). *See id.* at *6–7. Because Wilson's failure to timely report the distribution he received violates § 6048(c) even if that same failure also violates his reporting requirements as an owner under § 6048(b), the 5% penalty under § 6677(b) does not supplant the 35% penalty.

10

The district court and Plaintiffs' remaining textual arguments fail to defeat this conclusion. The district court criticized the government's justification of the 35% penalty as presenting "an irreconcilable textual conflict," asserting that because § 6677(a) instructs the penalty should not "exceed the gross reportable amount," "a taxpayer should not be liable for any two penalties if their combined assessment would add up to more than the gross reportable amount for any one violation." *Id.* at *7 (quoting 26 U.S.C. § 6677(a)). "Because the gross reportable amount for an owner's untimely filing . . . is 'the gross value of the portion of the trust's assets at the close of the year,' Wilson's $0 in trust assets at the end of 2007 yields a $0 gross reportable amount"—the government's pursuit of "$3,221,183 above $0 [therefore] violates the statute." *Id.*

The court's reasoning misses the fact that "gross reportable amount" has more than one meaning under § 6677(c).[7] The definition of "gross reportable amount" varies depending on the subsection of § 6048 an individual violated. For example, "*in the case of a failure relating to [§] 6048(b)(1)*" (the owner's filing requirement), the gross reportable amount is "the gross value of the portion of the

---

[7] The district court acknowledged "gross reportable amount" has more than one meaning in its discussion of the government's administrative exhaustion argument, *see Wilson*, 2019 WL 6118013, at *3 n.1, yet did not raise this during its subsequent analysis.

trust's assets at the close of the year." 26 U.S.C. § 6677(c)(2) (emphasis added). By contrast, "*in the case of a failure relating to [§] 6048(c)*" (the beneficiary's filing requirement), the gross reportable amount is "the gross amount of the distributions." *Id.* § 6677(c)(3) (emphasis added). As a result, the prohibition against applying a penalty that "exceed[s] the gross reportable amount," *id.* § 6677(a), refers not to a single, common amount but instead is based on the specific violation. A 35% penalty of the "gross amount of the distributions," here $3.2 million, does not exceed the "gross reportable amount" of the $9.2 million Wilson received as the beneficiary.

Equally unavailing is Plaintiffs' contention that the government may only assess one penalty because § 6677(a) states that a "person required to file . . . [a] return [under § 6048] shall pay *a* penalty equal to . . . 35 percent." *See id.* § 6677(a) (emphasis added); Appellees' Br. at 31. "[A] penalty" does not mean the government may impose only a single penalty even if the taxpayer violates multiple filing requirements under § 6048. This is made clear by the fact that the same sentence upon which Plaintiffs rely states, in full, that "the person . . . shall pay a penalty equal to . . . 35 percent of the *gross reportable amount*," 26 U.S.C. § 6677(a) (emphasis added), and as discussed above "gross reportable amount"

12

has different meanings, permitting more than one penalty depending on the nature of the untimely filing. The structure and text of § 6677 reflect that if an individual fails to timely file "*any . . . return required to be filed by [§] 6048*," *id.* (emphasis added), she is subject to a 35% penalty based on *each return* she fails to file as required under § 6048.[8] Construed in its statutory context, "a penalty" cannot carry the weight with which Plaintiffs burden it.

The plain language of §§ 6048 and 6677 requires that when an individual fails to timely report the distributions she received from a foreign trust, the 35% penalty applies; her concurrent status as owner of the trust does not alter this rule. Because the statute's meaning is clear based from its text, we need not consider any extrinsic sources. *See New York v. Nat'l Highway Traffic Safety Admin.*, 974 F.3d 87, 95 (2d Cir. 2020).

## II. The Applicability of Forms 3520 and 3520-A

The district court and Plaintiffs devote their energies to the two types of forms Wilson and the trust needed to file: Forms 3520 and 3520-A. As noted

---

[8] Except, of course, she is subject to a 5% penalty under § 6677(b) if she fails to file the return required by owners of foreign trusts pursuant to § 6048(b). The modification of the penalty for that specific violation of § 6048 does not imply, however, that only one penalty applies even if the individual violates multiple reporting requirements under § 6048.

earlier, Form 3520-A is the annual return that the trust must file for the owner to comply with her reporting requirements under § 6048(b), whereas Form 3520 has separate sections to be completed by trust owners and beneficiaries. Plaintiffs reiterate the district court's view that "a person in Wilson's situation – i.e. a sole grantor/owner and sole beneficiary of a foreign trust – would have only been required to file a *single* Form 3520." *Wilson*, 2019 WL 6118013, at *6. The court relied on the instructions under Part III of Form 3520:

> If you received an amount from a portion of a foreign trust of which you are treated as the owner and you have correctly reported any information required on Part II [to be completed by the trust owner] and the trust has filed a Form 3520-A with the IRS, do not separately disclose distributions again in Part III.

*Id.* at *7 (citation omitted). According to the court, because a trust owner who received a distribution and reported it in the trust's Form 3520-A "is not required to otherwise report the distribution on Form 3520," "Form 3520 disregards the beneficiary status of the trust owner in favor of his owner status, at least for the limited purpose of tracking distributions to the owner." *Id.*

The district court's analysis is wrong for two reasons. First, even if Wilson needed to file "a *single* Form 3520," *id.* at *6, § 6048 is concerned with the actual disclosure requirements, not the form on which the required disclosures are made.

Filing a Form 3520 without providing all of the required information, such as the distributions, still violates § 6048. Second, the court overlooks the fact that regardless of whether the person files Form 3520, Form 3520-A, or both, she must disclose any distributions she received from a foreign trust even if she is the sole owner and sole beneficiary. The option to disclose the distributions that an owner received from the trust in Form 3520-A does not "favor" the owner status. Indeed, as the government articulated, "[t]he instructions simply provide that, if the foreign trust at issue filed a Form 3520-A that properly reported all distributions as part of the trust's annual reporting (which did not occur here), the trust owner can simply direct the IRS to the [Form] 3520-A already filed (by checking the appropriate box on Part II of Form 3520 and attaching his ownership statement) and need not report that information again on Part III of the Form 3520." Appellant's Br. at 47–48.

Relatedly, Plaintiffs argue that Form 3520-A (the annual return for the trust), which includes separate subsections to report distributions to owners and beneficiaries, and the instructions for the form "evidence that the [IRS] did *not* view a distribution to the trust *owner* to be reported as a distribution to a trust *beneficiary*." Appellees' Br. at 22. Plaintiffs see this as "further evidence that the

15

[IRS] did not view a distribution made to a trust owner as falling within the reporting requirements [of §] 6048(c) for beneficiaries." *Id.* Form 3520-A and its instructions carry no such implications. The separate reporting for owners and beneficiaries does not erase the owner's concurrent beneficiary status for the purpose of § 6048(c). Moreover, *even if* we were to find that the forms generate some ambiguity, "[t]he only role [extratextual] materials can properly play is to help 'clear up . . . not create' ambiguity about a statute's original meaning." *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2469 (2020) (citation omitted).[9]

Lastly, Plaintiffs emphasize that we should rule in their favor because when there is doubt about the applicability of a tax penalty, it should be "construed most strongly against the government, and in favor of the citizen." *Gould v. Gould*, 245

---

[9] Plaintiffs' contention that the IRS's "published guidance"—its instructions for the forms and statements in the Internal Revenue Manual—warrant *Chevron* or *Skidmore* deference is inapposite. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944); Appellees' Br. at 23–24. First, it is unclear that the IRS's "publicly stated positions," Appellees' Br. at 23, constitute "rules carrying the force of law" as required for *Chevron* deference. *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001). Second, the deference doctrines apply only if the statute is ambiguous, which we do not find. *See Chevron*, 467 U.S. at 842–43. Third, regardless, deference to the IRS's statements for the point that owners are required to file Form 3520 does not change the fact that, by statute, owners who are also beneficiaries must disclose distributions they receive.

U.S. 151, 153 (1917). Given the absence of any doubt, we have no occasion to give Wilson the benefit Plaintiffs urge.

## CONCLUSION

We **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion. It is further **ORDERED** that Appellees' motions for leave to file a supplemental appendix that includes documents outside the record on appeal and for leave to file a sur-reply brief are **DENIED** as moot.